**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| GUILLERMO SANCHEZ-RIOS, : | |
| : | |
| Petitioner, : | |
| : | **Civil Action No. 07-3048 (JAG)** |
| v. : | |
| : | **O P I N I O N** |
| : | |
| UNITED STATES OF AMERICA, : | |
| : | |
| Respondent. : | |
| : | |

**GREENAWAY, JR., U.S.D.J.**

Petitioner Guillermo Sanchez-Rios ("Petitioner"), appearing pro se, has filed the instant motion to vacate or correct his sentence, pursuant to 28 U.S.C. § 2255 ("§ 2255"). Petitioner contends that his sentence should be vacated for two primary reasons. First, Petitioner asserts that his guilty plea, entered on March 13, 2006, was unknowing and involuntary, and therefore, unconstitutional. Second, Petitioner contends that his counsel was ineffective because he materially misinformed Petitioner of the consequences of the plea or the court's probable

disposition, and failed to explain the law pertinent to the case.  For the reasons set forth below, Petitioner's motion is denied.[1]

## FACTUAL BACKGROUND

In or around May 2005, Petitioner, Guillermo L. Sanchez-Rios, did knowingly and willfully conspire and agree with others to conduct financial transactions involving the proceeds of a specified unlawful activity. (Information 1, United States v. Guillermo L. Sanchez-Rios, No. 06-178 (D.N.J. Mar. 13, 2006) [hereinafter "Information"].)  On or about May 2, 2005, Petitioner delivered in excess of $100,000 in United States currency in New York.  On or about May 16, 2005, Petitioner picked up and delivered approximately $199,000 in United States currency in New Jersey.  (Tr. of Plea Proceedings 22:6 - 22:11 [hereinafter "Tr."].)  On or about May 19, 2005, Petitioner was paid a $12,000 commission for transporting currency that was the proceeds of some form of unlawful activity.  Petitioner knew that the purpose of the deliveries of currency was to conceal and disguise the nature, location, source, ownership, and control of the funds and admitted to performing these acts both knowingly and willfully.  (Tr. 22:12 - 23:3.)

---

[1] In Petitioner's motion to vacate or correct his sentence, Petitioner requests that this Court grant an evidentiary hearing to consider the merits of his case.  This request will not be granted based on this Court's finding that the record is complete.  See Sepulveda v. United States, 69 F. Supp. 2d 633, 636 (D.N.J. 1999) (concluding that the court would not hold an evidentiary hearing where petitioner was not entitled to relief on the claims asserted).

## PROCEDURAL HISTORY

On June 15, 2005, Petitioner was arrested in New Jersey in possession of $311,000 in United States currency.  Petitioner was charged with violating 18 U.S.C. § 1956(h).  On March 13, 2006, Petitioner entered a plea of guilty to a one-count information charging conspiracy and money-laundering.  Consequently, Petitioner was sentenced to a period of 57 months of incarceration.

On September 28, 2006, Petitioner filed a pro se Notice of Appeal with the United States Court of Appeals for the Third Circuit, but, on June 5, 2007, submitted a motion to withdraw the direct appeal. (Mem. in Support of Petr.'s Mot. Pursuant to 28 U.S.C. § 2255 4 [hereinafter "Petr.'s Br."].)  The United States Court of Appeals for the Third Circuit entered an order dismissing the appeal on June 15, 2007.  (Petr.'s. Br. 4; order, attached as Ex. A.)

On July 2, 2007, Petitioner filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255.  On December 6, 2007, Respondent, the Government, answered the petition.  Petitioner filed a reply 13 days later.

## LEGAL STANDARDS

**I.    28 U.S.C. § 2255**

In pertinent part, 28 U.S.C. § 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).  "[A] motion to vacate [a] sentence under 28 U.S.C. § 2255 is addressed to the sound discretion of the district court."  United States v. Williams, 615 F.2d 585, 591 (3d Cir. 1980).  Unless it appears conclusively from the motion, files, and records that the petitioner is not entitled to relief, the district court must grant the petitioner an evidentiary hearing on the matter.  Id.

## DISCUSSION

Petitioner asserts that his sentence should be vacated for two reasons.  First, Petitioner asserts that his guilty plea was unknowing and involuntary and therefore, unconstitutional.  Specifically, he claims that he was misled to believe that "under the terms of the agreement, the court would be precluded [from enhancing] his sentence above the recommended total Guideline offense level of 19 as was stipulated in the plea agreement's 'stipulation'."  (Petr.'s Br.  3.)  Second, Petitioner contends that his counsel was ineffective because he materially misinformed Petitioner of the consequences of the plea, or the court's probable disposition, and failed to explain the law pertinent to the case; thus constituting a violation of Petitioner's Sixth Amendment right to counsel.

For the reasons set forth below, Petitioner's motion is denied.  This Court will address each of the grounds on which Petitioner seeks to vacate his sentence.

**I.  Petitioner's Plea Was Knowing and Voluntary**

Petitioner's claim that his guilty plea was unknowing and involuntary rests on his assertion that he pled guilty on the understanding that his sentence would be no more than 30 months, as calculated at a total Guideline offense level of 19 and was, therefore, "materially

misled into pleading guilty." (Petr.'s Br. 5.)   While courts have not outlined a specific test or standard for "knowing and voluntary" pleas, ths Supreme Court has referenced the factual nature of this analysis, stating: "there is no adequate substitute for demonstrating in the record at the time the plea is entered the defendants's understanding of the nature and charge against him." McCarthy v. United States, 394 U.S. 459, 470 (1969); see also Brady v. United States, 397 U.S. 742, 749 (1970) (reiterating the factual nature of the inquiry by stating that the voluntariness of a plea can only be determined by considering all of the record circumstances).

  The Third Circuit has approached these questions by evaluating the specific terms of the plea agreement and the district court's colloquy, as mandated under Rule 11 of the Federal Rules of Criminal Procedure.  See, e.g., United States v. Jackson, 523 F.3d 234, 243 (3d Cir. 2008) (concluding that the defendant's plea was knowing and voluntary where District Court held a hearing to discuss the provisions of the plea agreement and verified that defendant read and understood the plea agreement); United States v. Mabry, 536 F.3d 231, 238-39 (3d Cir. 2008) (stating that a district court "at minimum, should have reviewed the terms of the plea agreement and change-of-plea colloquy and addressed their sufficiency" in considering the knowing and voluntary waiver of rights under the defendant's plea agreement).

  In this case, the factual evidence, such as the plea agreement and the plea colloquy between Petitioner and this Court, demonstrate that Petitioner's plea was knowing and voluntary. As a result, this claim fails.

### A. The Plea Agreement as evidence of "knowing and voluntary"

Petitioner asserts that the stipulation regarding the recommended total Guideline offense level of 19 and 30-month sentence constituted a promise to induce his plea that should be fulfilled. (Petr.'s Br. 4.) Further, he claims that he interpreted the plea as a bargain or negotiation for a sentence of no more than 30 months.[2] (Petr.'s Br. 5.) The language of the plea agreement negates Petitioner's claim that he signed the agreement unknowingly and involuntarily because it specifically outlines this Court's sentencing discretion and the lack of any promises. (Plea Agreement with Guillermo L. Sanchez-Rios 2, No. 06-178 [hereinafter "Plea Agreement"].)

Petitioner acknowledged that he received a copy of the plea agreement (translated into Spanish) and "understood it fully." (Plea Agreement 5.) The plea agreement specifically states "this Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Sanchez-Rios ultimately will receive." (Plea Agreement 2.) Furthermore, the plea agreement states that the agreement "cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties." (Plea Agreement 3.) In

---

[2] Petitioner cites <u>Santobello v. United States</u> in support of this contention and argues that his case should be remanded to determine "whether the circumstances of this case require only that there be specific performance of the agreement on the plea . . . or whether . . . the circumstances require granting the relief sought by Petitioner, i.e., the opportunity to withdraw his plea of guilty." <u>Santobello v. United States</u>, 404 U.S. 257, 263 (1971). However, that case is distinguishable from the case at bar. In <u>Santobello</u>, the prosecutor failed to uphold an agreement not to recommend a sentence, whereas here, the parties agreed on a recommended total Guideline offense level of 19, and the prosecutor presented those terms as a sentencing recommendation to the court. In the case at bar, this Court exercised its discretion to sentence Petitioner outside of the Government's recommended guideline range.

addition to the stipulations regarding judicial discretion, the agreement outlines Petitioner's waiver of rights "to file an appeal, collateral attack, writ or motion after sentencing" and states the 20-year statutory maximum prison sentence for the offense of violating of 18 U.S.C. § 1956(h).  (Plea Agreement 2 - 3.)  Petitioner signed this agreement and acknowledged that he received, fully understood, and accepted its terms and conditions.

### B. Open-court colloquy as evidence of knowing and voluntary

Under Rule 11 of the Federal Rules of Criminal Procedure, a district judge must address each defendant personally and advise and question them of factors such as any maximum penalty, any mandatory minimum penalty, waiver of trial rights, and waiver of the right to appeal under the plea agreement.  FED. R. CRIM. P. 11(b)(1).  The judge must also "determine that the plea is voluntary and did not result from force, threats, or promises."  FED. R. CRIM. P. 11(b)(2).  The Supreme Court of the United States has stated that "although the procedure embodied in Rule 11 has not been held to be constitutionally mandated, it is designed to assist the district judge in making the constitutionally required determination that a defendant's guilty plea is truly voluntary."  McCarthy, 394 U.S. at 465 (citing Machibroda v. United States, 368 U.S. 487, 493 (1962)).

In making its decision of voluntariness at the plea hearing, this Court asked the Government to state the terms of the plea agreement on the record.  In response to this request, the Government stated "defendant is going to enter a guilty plea to a violation of the one-count information which charges a violation of conspiracy to money launder.  That charge, the defendant faces up to a maximum prison time of 20 years, a $500,000 fine."  (Tr. 7:24 - 8:3.)

This Court immediately questioned whether the Government's statements complied with Petitioner's understanding of the full terms of the plea agreement. Petitioner replied "Yes." (Tr. 8:15.) The record reflects numerous examples of this Court telling Petitioner that the stipulations of the plea agreement are not binding on the court. The record also contains examples of Petitioner confirming his understanding that the agreement is not binding on the judge with respect to the sentence to be imposed. (See, e.g., Tr. 9:15.)

In addition to establishing, on the record, Petitioner's understanding of judicial discretion this Court specifically addressed the agreed upon sentencing scenario. After confirming that Petitioner had been advised of the worst case sentencing scenario, this Court stated,

> It is possible that the presentence investigation will uncover additional facts which could have the effect of aggravating the offense. Also there could ultimately be some different application of the law . . . if the guideline range ends up coming in higher than this worst-case scenario of which you've been informed, you would not have the right to withdraw your plea.

(Tr. 10:9 - 10:16.) This statement, when evaluated in the context of this Court's longer explanation of the nature of the offense and terms of the plea agreement, reflects the requirements of Rule 11 of the Federal Rules of Criminal Procedure and the relevant case law.

Courts have been sympathetic to claims of involuntary and unknowing pleas in particular situations, e.g., where the court did not personally address the defendant or where there is evidence that the defendant misunderstood the nature of their behavior in relation to the offense. See, e.g., McCarthy, 394 U.S. at 468 (holding that a court is not in compliance with Rule 11 of the Federal Rules of Criminal Procedure where the judge does not personally address defendant to inquire whether they understood the nature of the charge); United States v. Young, 424 F.2d

1276, 1280 (1970) (holding that guilty plea may not be "knowing" if the defendant understands the nature of the offense but does not understand whether their behavior falls within the offense). In cases, such as that here, where Petitioner had the advice of counsel as well as an open-court explanation, this Court finds that the plea was entered "with sufficient awareness of the circumstances and likely consequences." Brady, 397 U.S. at 748 (stating that waivers of constitutional rights, such as those in plea agreements must be voluntary, knowing, and intelligent acts where defendant has awareness of circumstances and the consequences of such waivers).

Petitioner received a copy of the plea agreement, in Spanish, and signed a confirmation indicating that he understood the terms set forth in that agreement. Further, this Court's colloquy during the plea proceeding reiterated Petitioner's understanding of the terms of the agreement and explicitly affirmed Petitioner's understanding that the agreed upon terms were not binding on the judge.

Based on the facts indicated above, this Court finds that Petitioner did, in fact, enter into the plea agreement both knowingly and voluntarily, and that the guilty plea entered on March 13, 2006 is, therefore, constitutional under 28 U.S.C. § 2255.

## II.     Plaintiff's Ineffective Assistance of Counsel Claim

Petitioner also claims that his sentence should be vacated due to ineffective assistance of counsel.[3] Petitioner asserts that counsel's misinformation regarding the consequences of the plea

---

[3] Petitioner initially raised this issue on direct review, but withdrew his pro se appeal on June 5, 2007, based on information that his defense counsel could not represent him on an "ineffective assistance of counsel" claim against himself. Petitioner then filed this § 2255 motion in the District Court.

and this Court's probable sentence, as well as counsel's failure to explain the law pertinent to the case, violated his Sixth Amendment right to effective counsel.

To establish a claim of ineffective assistance of counsel, a defendant must prove that: (1) counsel's performance fell below an objective standard of reasonableness; and (2) counsel's deficient performance prejudiced the defendant, resulting in an unreliable or fundamentally unfair outcome of the proceeding. Strickland v. Washington, 466 U.S. 668, 687 (1984). Judicial scrutiny of counsel's performance must be highly deferential. Id. at 689. In determining whether assistance of counsel has been ineffective, a court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. If a defendant fails to satisfy one prong of the Strickland test, a court need not consider the other. Id at 697. Indeed, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Id.

This Court concludes that Petitioner has not established a claim of ineffective assistance of counsel because counsel's actions did not prejudice Petitioner, as required under the Strickland analysis. In United States v. Shedrick, the Third Circuit, citing Strickland, affirmed the standard for prejudice stating "there [must be] a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." United States v. Shedrick, 493 F.3d 292, 299 (3d Cir. 2007) (citing Strickland, 466 U.S. at 694).

Petitioner's claim is grounded in his assertion that counsel assured him that he would not receive a sentence exceeding 30 months under the plea agreement. (Petr.'s Objections to Government's Resp. 4 [hereinafter "Petr.'s Objections"].) Even if this allegation of counsel's "promise" proved to be true, Petitioner's assertion fails for lack of prejudice because this Court's

10

colloquy and the accompanying plea agreement clearly explained the possibility of a different outcome based on judicial discretion.

Furthermore, the Third Circuit has held that "an erroneous sentencing prediction by counsel is not ineffective assistance of counsel where, as here, an adequate plea hearing was conducted." Shedrick, 493 F.3d at 299; see also United States v. Jones, 336 F 3d. 245, 254 (3d Cir. 2003) (stating "counsel not ineffective for allegedly promising defendant a sentence of 'no more than 71 months' where defendant was advised in open-court colloquy of potential maximum sentence and there were no other promises regarding sentence") (citing Shedrick) and United States v. Mustafa, 238 F.3d 485, 492 (3d Cir. 2001) ("[A]ny alleged misrepresentations that [defendant's] former counsel may have made regarding sentencing calculations were dispelled when defendant was informed in open court that there was no guarantee as to sentence.").

As previously discussed, Petitioner engaged in a thorough open-court colloquy during the plea hearing in which he was advised of the terms of the plea,[4] his rights should he decide to go to trial and not plead guilty,[5] the non-binding nature of the stipulations in the plea agreement, as well as his inability to "withdraw [his] plea on the ground that [his] attorney's prediction as to the guideline range proved to be inaccurate" (Tr. 16:11 - 16:14[6]). Therefore, even if Petitioner

---

[4] The Government summarized the terms of the plea agreement for the record and Petitioner indicated an understanding of the agreement. (See Tr. 8:1-8:21.)

[5] This Court engaged in the following exchange:
Q: Mr. Sanchez-Rios, do you understand that you have an absolute constitutional right to persist in your plea of not guilty and go to trial on this information?
A: Yes, I do.
(Tr. 11:14 - 11:17.)

[6] This Court also explained that Petitioner's counsel is unable to specify the applicable
(continued...)

11

could make a claim for deficient performance, this case falls well within the established precedent that counsel's alleged failure to explain the relevant law and misinformation about the consequences of the plea did not prejudice Petitioner as he was adequately briefed on the relevant points during the open-court colloquy.

Plaintiff also notes counsel's failure to file an appeal, as requested by Petitioner, as a second claim under ineffective assistance of counsel.  However, as stated in the plea agreement and during the open-court colloquy, Petitioner waived his right to appeal under the terms of the guilty plea.[7]  Therefore, counsel's alleged failure to file an appeal also fails the Strickland test for lack of prejudice.[8]

---

[6](...continued)
guidelines range due to a lack of all necessary information:
> Q: Do you understand that at this point, it is unlikely that he [Defendant's counsel] can be specific as to the guidelines which will apply in your case because he does not have all the necessary information and has not seen the presentence report?
> A: Yes.
> Q: Do you understand that you will not be able to withdraw your plea on the ground that your attorney's prediction as to the guideline range proved to be inaccurate?
> A: Yes.

(Tr. 16:6 - 16:14.)

[7] The court explained that Petitioner was forfeiting right to appeal and outlined some of the circumstances under which he would not be able to appeal.
> Q: Mr. Sanchez-Rios, do you understand that you have a conditional waiver of the right to appeal the sentence in your plea agreement?
> A: Yes.
> Q: Do you understand that means that if you're sentenced within a range that is set forth -- a range that is set forth within the plea agreement, that you will not have the right to file an appeal?
> A: Yes.
> Q: And do you understand that if you're sentenced to a range outside of what is set forth in the plea agreement, then you will be able to file an appeal?  Do you understand that?
> A: Yes, I do.

(Tr. 16:6 - 16:14.)

[8] Petitioner claims that he has a claim for ineffective counsel under Strickland, based on
(continued...)

## **CONCLUSION**

For the foregoing reasons, this Court finds that the instant motion filed by Petitioner seeking to vacate his sentence, pursuant to 28 U.S.C. § 2255, does not present a claim that merits his sentence to be vacated, set aside or corrected.  Petitioner has not made a substantial showing of the denial of a constitutional right, either by demonstrating that his plea was not knowing or voluntary, or by establishing ineffectiveness of counsel.  Accordingly, his motion is denied.

**DATED:  December  15, 2008**

                S/Joseph A. Greenaway, Jr.
                **JOSEPH A. GREENAWAY, JR., U.S.D.J.**

---

[8](...continued)
the assumption that counsel's alleged failure to file an appeal would imply prejudice (as required by Strickland).  However, Petitioner never experienced a lack of access to the court.  In fact, Petitioner filed a pro se claim to the same effect as the requested appeal, thus implicating that he did not suffer from prejudice as a result of counsel's alleged error.  Therefore, this Court finds no evidence of prejudice.